IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HECTOR MANUEL BOSSIO, JR., )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 3:16-CV-840-MHT
)
HEATH TAYLOR., et al., )
)
    Defendants. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Hector Manuel Bossio, Jr., ("Bossio"), an indigent inmate incarcerated in the Russell County Jail. In the instant complaint, Bossio challenges actions taken against him due to his removal of an electrical conduit from the wall of the jail.

On November 10, 2016, Bossio filed a motion for preliminary injunction requiring that the defendants follow their own administrative rules regarding the inmate grievance procedure. Doc. 7.  On January 11, 2016, the court entered an order directing the defendants to show cause why Bossio's motion for preliminary injunction should not be granted. Doc. 8.  The defendants filed a response to this order on December 12, 2016, supported by relevant evidentiary materials including an affidavit and copies of Bossio's grievance records. Docs. 20 & 20-1 to -3.

Upon review of the motion for preliminary injunction, the response thereto filed by the defendants, and well-settled law, the court concludes that the motion is due to be denied.

### II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of

the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Bossio meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In their response to the motion for preliminary injunction, the defendants deny that they have violated Bossio's constitutional rights with respect to the grievance process provided by the Russell County Jail.  Specifically, the defendants maintain that Bossio is allowed access to the grievance procedure and has received responses to his grievances.  But the question of what procedure was provided to Bossio is academic, as it is well-settled in the context of a jail setting that "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (citations omitted); *Flowers v. Tate*, 925 F.2d 1463 (6th Cir. 1991) (holding that an inmate "does not have a constitutional right to an effective grievance procedure."); *McCray v. Mallory*, 931 F.2d 54 (4th Cir. 1991) (holding a plaintiff's claim regarding insufficiency of inmate grievance procedure to be "frivolous" because such a procedure is "not constitutionally required"); *Miller v. Jones*, 791 F. Supp. 240, 241–42 (E.D. Mo. 1992) (holding that inmate's allegation of "wrongful denial of a grievance [fails to state a viable claim for relief in a § 1983 action as he] has no constitutional right to a grievance procedure").  "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Consequently, the alleged failure of the defendants to follow the inmate grievance procedure provides no basis for relief to Bossio.

Turning to the first and second prerequisites for issuance of preliminary injunctive relief, the undersigned finds that Bossio fails to demonstrate either a substantial likelihood of success on the merits of his pending claims or a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction.  Bossio has therefore failed to meet

his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further ORDERED that on or before **December 29, 2016** the parties may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive or general objections addressed to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of December, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE