IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HECTOR MANUEL BOSSIO, JR., )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 3:16cv840-ECM
) (WO)
HEATH TAYLOR, *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 78) and the Plaintiff's Objections thereto. (Doc. 79).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

Plaintiff Hector Manuel Bossio, Jr. ("Bossio") filed a *pro se* complaint pursuant to 18 U.S.C. § 1983, as a pretrial detainee, asserting that his initial placement and confinement violated his constitutional rights; that Defendants Sheriff Heath Taylor ("Taylor") and Lt. Steve Johnson ("Johnson") were deliberately indifferent to his safety; and that the jail law library is inadequate. The Defendants filed a special report which was treated as a motion for summary judgment and as to which Bossio filed several responses.

The Magistrate Judge recommended summary judgment be granted in favor of the Defendants on all of Bossio's claims. The Magistrate Judge concluded that the requests for injunctive relief are moot because Bossio is no longer held at the Russell County Jail, that Bossio failed to identify any similarly situated inmate who received favorable

treatment to support an equal protection claim, that Bossio failed to establish that he suffered the requisite injury to support his denial of access claim, and that the Defendants are entitled to qualified immunity on the due process claims.

In its *de novo* review, this Court has reviewed the arguments and evidence to determine whether there is a genuine dispute as to any material fact and whether the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

In his Objections to the Magistrate Judge's Recommendation Bossio makes an assertion that his jail disciplinary report was fabricated. This assertion, however, is not substantiated by evidence. He also advances some fact-based arguments which appear to dispute that he made a hole in his cell wall. Bossio's sworn complaint, however, establishes that he removed electrical conduit from inside the wall to fashion a weapon to use on other inmates. (Doc. 1 at 3). This admission of fact undermines several of his objections. Specifically, this fact undermines his argument that he should not have been charged with escape because at that time someone else was in the cell he had previously occupied and could have made the hole and his argument that there was no safety reason to keep him confined in a cell used to house violent offenders.

In his objections, Bossio also points to some factual assertions regarding his status in a minority group. "To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). Bossio has not presented sufficient evidence to establish the elements of this claim.

Bossio also disputes that he received notice of a disciplinary hearing. The Magistrate Judge declined to determine whether a fact question existed for purposes of a due process claim because Bossio had not shown that the Defendants violated clearly established law. This Court agrees with this analysis. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that courts can address the clearly established prong of qualified immunity analysis first). The procedural due process right to receive advance warning of disciplinary charges was recognized by the Eleventh Circuit as a matter of first impression in *Jacoby v. Baldwin Cty.*, 835 F.3d 1338 (11th Cir. Aug. 29, 2016). The disciplinary action complained of in this case occurred in February of 2016. Therefore, the law was not clearly established at the time of the action in question, and the individual Defendants are entitled to qualified immunity. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1400, n.9 (11th Cir. 1994) (stating that a case decided after the conduct in the case occurred could not have clearly established the law at the time of the conduct in this case).

For the reasons stated, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The Motion for Summary Judgment is GRANTED and judgment is entered in favor of the Defendants and against the Plaintiff on his claims.

A separate Judgment will be entered.

Done this 21st day of October, 2019.

/s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNTIED STATE DISTRICT JUDGE